**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

      Pamela Jobity

              Debtor(s).

**CONDITIONAL ORDER**

**CASE #: 1-17-44792-cec**
**CHAPTER 13**

**WHEREAS**, on September 15, 2017, Pamela Jobity ("Debtor(s)") the above-captioned Debtor(s), filed a voluntary petition for relief in accordance with 11 U.S.C. §101 *et. seq.*; and

**WHEREAS**, an application having been made to this Court by Wells Fargo Bank, N.A., ("Secured Creditor") by Notice of Motion dated May 24, 2018, seeking an Order terminating the automatic stay imposed by 11 U.S.C. Section 362(a) as to Secured Creditor's interest in the premises commonly known as 173-37 104th Avenue, Jamaica, NY 11433 ("Mortgaged Premises"); and

**WHEREAS**, the terms of this Conditional Order having been negotiated by and between Woods Oviatt Gilman LLP, Aleksandra K. Fugate, Esq., attorneys for the Secured Creditor and Denrick Cooper, attorney for the Debtor having agreed to the relief herein; and

**WHEREAS**, the Debtor has defaulted on a Note and Mortgage dated July 26, 2007, executed by Debtor and by failing to make payments due May 14, 2018 through September 3, 2018: 7 payments due May 14, 2018 through August 6, 2018 each in the amount of $849.32; 3 payments due August 20, 2018 through September 17, 2018 each in the amount of $851.83; and it is hereby

| | |
|---|---|
| 7 Biweekly Payments at $849.32 | $5,945.24 |
| 3 Biweekly Payments at $851.83 | $2,555.49 |
| Suspense Balance | $(  125.52) |
| **TOTAL DUE:** | **$8,375.21** |

1

**ORDERED**, that $125.52 held in Debtor's Suspense Account is to be applied to the arrears due pursuant to the terms of the Order; and it is further

**ORDERED**, that the Debtor shall pay the Secured Creditor, Wells Fargo Bank, N.A., the balance of the arrears in the sum of $8,375.21 for 24 months as follows:

1. On or before ***October 1, 2018*** the sum of ***$ 349.13;***

2. On or before ***November 1, 2018*** the sum of ***$ 348.96;***

3. On or before ***December 1, 2018*** the sum of ***$ 348.96;***

4. On or before ***January 1, 2019*** the sum of ***$ 348.96;***

5. On or before ***February 1, 2019*** the sum of ***$ 348.96;***

6. On or before ***March 1, 2019*** the sum of ***$ 348.96;***

7. On or before ***April 1, 2019*** the sum of ***$ 348.96;***

8. On or before ***May 1, 2019*** the sum of ***$ 348.96;***

9. On or before ***June 1, 2019*** the sum of ***$ 348.96;***

10. On or before ***July 1, 2019*** the sum of ***$ 348.96;***

11. On or before ***August 1, 2019*** the sum of ***$ 348.96;***

12. On or before ***September 1, 2019*** the sum of ***$ 348.96;***

13. On or before ***October 1, 2019*** the sum of ***$ 348.96;***

14. On or before ***November 1, 2019*** the sum of ***$ 348.96;***

15. On or before ***December 1, 2019*** the sum of ***$ 348.96;***

16. On or before ***January 1, 2020*** the sum of ***$ 348.96;***

17. On or before ***February 1, 2020*** the sum of ***$ 348.96;***

18. On or before ***March 1, 2020*** the sum of ***$ 348.96;***

19. On or before ***April 1, 2020*** the sum of ***$ 348.96;***

20. On or before *May 1, 2020* the sum of *$ 348.96;*

21. On or before *June 1, 2020* the sum of *$ 348.96;*

22. On or before *July 1, 2020* the sum of *$ 348.96;*

23. On or before *August 1, 2020* the sum of *$ 348.96 and*

24. On or before *September 1, 2020* the sum of *$ 348.96;*

**ORDERED**, that Debtor shall send all payments to Secured Creditor directly at, Wells Fargo Bank, NA., Attention: Bankruptcy Payment Processing, MAC #F2302-04C, One Home Campus Drive, Des Moines, IA 50328; and it is further

**ORDERED**, that the Debtor(s) pays all future monthly mortgage installments, to Secured Creditor, as they become due, commencing with the installment payable on **October 1, 2018**, with time being of the essence.  A default is deemed to have occurred in the event that any monthly mortgage payment is not received within 15 (fifteen) days of the date in which it is due; and it is further

**ORDERED**, that in the event of default by the Debtor in timely making payments specified in the preceding paragraphs a Notice of Default will be mailed to Debtor and Debtor's Attorney.  If Default is not cured within that fifteen (15) days from the date of service of the Notice of Default the Secured Creditor shall serve the Debtor and the Debtor's attorney an proposed Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance which may be entered without further notice or opportunity to be heard; and it is further

**ORDERED,** that if in the event three (3) Notices of Defaults have been sent to the Debtor and Debtor's Attorney as a result of the fourth (4) Notice of Default the Secured Creditor shall serve the Debtor and the Debtors' attorney an proposed Order Granting Relief from the Automatic Stay

together with an Affirmation of Non-Compliance which may be entered without further notice or opportunity to be heard; and it is further

ORDERED, that in the event of any foreclosure sale, Secured Creditor will inform the Chapter 13 trustee as to any surplus monies resulting from the sale of the premises and it is further

ORDERED, that if the case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect.

<u>Denrick Cooper, Esq.</u>                                    DATED: <u>October 1, 2018</u>
Denrick Cooper, Esq.
Attorney for the Debtor
207-23 Hillside Ave
Queens Village , NY


<u>/s/ Aleksandra K. Fugate, Esq.</u>                     DATED: <u>October 4, 2018</u>
Aleksandra K. Fugate, Esq.
Woods Oviatt Gilman LLP
Attorneys for Plaintiff
700 Crossroads Building
2 State Street
Rochester, New York 14614



Dated: Brooklyn, New York
        October 15, 2018

_____
              Carla E. Craig
        United States Bankruptcy Judge